UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SCOTTSDALE INSURANCE COMPANY                CIVIL ACTION

VERSUS                                      NO: 05-2431

JIMMY L. ELLIOT                             SECTION: "J" (1)

### ORDER AND REASONS

Before the Court is Defendant's **Motion to Dismiss** (Rec. Doc. 5) and Plaintiff's **Motion for Summary Judgment** (Rec. Doc. 7). After considering the record, the memoranda of counsel, and applicable law, the Court finds for the following reasons that Defendant's Motion to Dismiss should be **GRANTED**.

### FACTUAL AND PROCEDURAL BACKGROUND

On February 7, 2005, Jimmy Elliot was operating a van allegedly owned by Neyland's Finest Transportation, LLC ("Neyland") when he was involved in an automobile accident with Brande Poche on Louisiana Highway 3134. (Rec. Doc. 1 ¶ 4). Neyland had purchased insurance for the van from Scottsdale Insurance Co. ("Scottsdale"), and the policy was in effect on the

1

date of the accident. (*Id.* ¶ 5). Scottsdale filed a Complaint for Declaratory Judgment in this Court on June 15, 2005, seeking a declaration that it owed no uninsured motorist coverage to Jimmy Elliot. (Rec. Doc. 1). On June 22, 2005 Elliot filed suit for damages in Civil District Court for the Parish of New Orleans naming Poche, Neyland, and Scottsdale as defendants ("the State Court Action").[1] On July 8, 2005 Scottsdale filed an answer in the State Court Action. On August 11, 2005, Elliot filed his Motion to Dismiss this federal declaratory action. (Rec. Doc. 5). On August 17, 2005, Scottsdale filed its Motion for Summary Judgment on the merits. (Rec. Doc. 7.)

## LAW AND DISCUSSION

The Declaratory Judgment Act provides, in relevant part: "In a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. 28 U.S.C. § 2201(a). In *Wilton v. Seven Falls*, the Supreme Court made it clear that, because the

---

[1] This Court may take notice of the pending State Court proceedings. *See e.g. Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 481 (5th Cir. 2003); *Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 246 n. 3 (5th Cir. 1997).

Declaratory Judgment Act is "'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant'," the district court has "unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287-88 (1995). A determination that this court has jurisdiction does not determine whether the declaratory action should be decided or dismissed. *Id.* at 282.

### *Orix* Determinations

Following *Orix Credit Alliance v. Wolfe*, to decide a declaratory action this Court is required to determine: (1) whether the declaratory action is justiciable; (2) whether this court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action. *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 387 (5th Cir. 2003)(citing *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000)).

### 1.   Justiciability of the Declaratory Action

For a declaratory action to be justiciable it must seek to resolve an "actual controversy" rather than an abstract or hypothetical dispute. *Id.* It is well settled that the determination of the rights and liabilities of parties to an

insurance policy is such an "actual controversy." *See e.g., Central Surety Ins. Corp. v. Caswell*, 91 F.2d 607, 608 (5th Cir. 1937); *Rowan Companies, Inc. v. Griffin*, 876 F.2d 26, 28 (5th Cir. 1989). An actual controversy exists where, as here, the right of one party to recover damages from the other party turns upon the answer to the issue raised by the Complaint. Accordingly, this Court concludes that Scottsdale's federal declaratory action is justiciable.

2.  **Authority of This Court**

Personal jurisdiction over the defendant exists as Elliot is a Louisiana domiciliary.(Rec. Doc. 1 ¶ 2); *see*, Fed. R. Civ. P. 4(k). Subject matter jurisdiction exists pursuant to 28 U.S.C. § 1332 where there is complete diversity of citizenship between the plaintiff and defendant and the amount in controversy exceeds $75,000. Scottsdale alleges that it is incorporated in Ohio, with its principal place of business in Arizona, (Rec. Doc. 1) and Elliot has not disputed that assertion.[2] Therefore, complete

---

[2] In his Motion to Dismiss, Elliot offers the alternative argument that this Court lacks subject matter jurisdiction because Scottsdale, an insurer, should be deemed to share citizenship with its insured, a Louisiana company, and therefore would not be able to remove the State Action to federal court. Elliot relies on 28 U.S.C. § 1332(c)(1) and case law interpreting direct action suits against insurers. This declaratory action, however, is not a direct action against an insurer. The fact that Scottsdale could not remove the State Court Action to federal

diversity exists. Scottsdale alleges in its Complaint that the amount in controversy exceeds $75,000 (Rec. Doc. 1 ¶ 1) and Elliot has not disputed that assertion.

Where personal and subject matter jurisdiction exist, this Court has the authority to hear an actual controversy pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, unless "(1) the declaratory defendant previously filed a cause of action in state court; (2) the state case involved the same issues as those in the federal court; and (3) the district court is prohibited from enjoining the state proceedings under [the Anti-Injunction Act, 28 U.S.C.] section 2283." *Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 776 (5th Cir. 1993)(citing *Texas Employers' Ins. Ass'n v. Jackson*, 862 F.2d 491, 506 (5th Cir. 1988)). In this case, the declaratory plaintiff, Scottsdale, filed its action before the declaratory defendant, Elliot, filed his State Court Action. Because the first prohibitory element is absent, this Court need not reach the other conjunctive elements to determine that it has the authority to decide the merits of this declaratory action.

---

court does not transform a declaratory action plaintiff into a direct action defendant. *See, Dairyland Ins. Co. v. Makover*, 654 F.2d 1120, 1125 (5th Cir. 1981). It does, however, factor into this Court's decision to exercise its discretion to dismiss the declaratory action, as explained below.

### 3. Exercise of Discretion: The *Trejo* Factors

The third step under *Orix* is to determine whether to decide or dismiss the declaratory action. Following Fifth Circuit precedent, this Court informs its discretion by considering the seven nonexclusive *Trejo* factors. *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590-91 (5th Cir. 1994).[3] These factors are:

> 1) whether there is a pending state action in which all of the matters in controversy may be fully litigated, 2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant, 3) whether the plaintiff engaged in forum shopping in bringing the suit, 4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist, 5) whether the federal court is a convenient forum for the parties and witnesses,...6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy and, ...[7)] whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*Id.* Applying the factors to this case, five of the seven weigh in favor of dismissal.

The first *Trejo* factor asks whether there is a pending State Court Action that may cover all of the issues in the declaratory action. Scottsdale has presented this Court with only one issue:

---

[3] See *Sherwin-Williams,* 343 F.3d at 389-92, for a discussion of *Trejo* as the Fifth Circuit's expression of the relevant factors indicated by the Supreme Court in *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942).

whether or not it has coverage for the underinsured loss such that it is obligated to pay Elliot's damages. (Rec. Doc. 1 ¶ 7). In its answer to the State Court complaint, Scottsdale specifically raises this same issue in its defense to the State Court claim for damages.  *See*, Scottsdale's Answer ¶ IX, attached as "Exhibit 2" to Def.'s Mot. to Dismiss (Rec. Doc. 5). Therefore, the pending State Court Action may fully litigate the sole issue presented in the federal declaratory action. Factor one favors dismissal.

The second *Trejo* factor asks whether the declaratory action was filed in anticipation of a lawsuit filed by the defendant. Scottsdale filed the declaratory complaint seven days before Elliot filed the State Court complaint naming Scottsdale as a defendant. Scottsdale seeks by declaratory judgment a resolution to the central issue that would concern Scottsdale in the State Court Action. This sequence of events clearly suggests that Scottsdale filed its federal declaratory action in anticipation of the impending litigation by Elliot. Factor two favors dismissal.

The third *Trejo* factor asks whether the plaintiff engaged in forum shopping in bringing the suit. All parties to this suit are from Louisiana except Scottsdale. The accident occurred in

7

Louisiana. The insurance policy was issued in Louisiana. Louisiana law applies to the case. Had the state suit been brought a week earlier, naming Scottsdale as a defendant along with several Louisiana defendants, it would have been impossible for Scottsdale to have removed it to federal court based on diversity jurisdiction. Acting first and filing suit as a plaintiff seeking declaratory relief (rather than waiting to be named defendant in a direct action suit) was the only way Scottsdale could have gotten this case into federal court. "[I]t has long been recognized that "'[t]he wholesome purposes of declaratory acts would be aborted by its use as an instrument of procedural fencing ... to choose a forum.'" *Texas Employers' Ins. Ass'n v. Jackson*, 862 F.2d 491, 505 (5th Cir. 1988)(quoting *New Orleans Public Service, Inc. v. Majoue,* 802 F.2d 166, 168 (5th Cir. 1986), quoting *H.J. Heinz Co. v. Owens,* 189 F.2d 505, 508 (9th Cir. 1951), quoting *American Automobile Ins. Co. v. Freundt,* 103 F.2d 613, 617 (7th Cir. 1939)). Scottsdale appears to have no other purpose for its declaratory action than to choose a forum that would otherwise be unavailable to it. Scottsdale faces no problem with potentially diverse forums and no Hobson's choice between acting or failing to act to determine its rights and liabilities. *Compare, e.g., Travelers Ins. Co.,* 996 F.2d at 776-

77; *Okpalobi v. Foster*, 244 F.3d 405, 435 (2001). Thus, factor three favors dismissal.

The fourth *Trejo* factor asks about possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forum. The factual circumstances giving rise to the litigation clearly point to the appropriateness of a state action. Elliot had consequently prepared a state action to resolve the dispute. To allow Scottsdale to spring a federal lawsuit just ahead of the impending state action in order to foreclose state court consideration of a key issue may impose inequitable hardship on Elliot. Factor four favors dismissal.

The fifth *Trejo* factor asks whether the federal court is a convenient forum for the parties and witnesses. Given the recent devastation of Orleans Parish, and the likely dispersal of parties, witnesses and even the courts, factor five is too uncertain to weigh at this time.

The sixth *Trejo* factor asks whether retaining the lawsuit would serve the purposes of judicial economy. Clearly, if the State Court Action will decide the sole issue presented for declaratory relief, then judicial economy would be ill served by a parallel federal declaratory action on that issue. Factor six favors dismissal.

The seventh *Trejo* factor asks whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending. This court is not being called on to construe a state judicial decree. Factor seven does not favor dismissal.

Scottsdale's Memorandum in Opposition to Defendant's Motion to Dismiss[4] fails to address any of the factors informing the court's discretion. The opposition instead addresses only Elliot's alternative argument and argues that jurisdiction exists. That Scottsdale's position regarding jurisdiction is correct does little to recommend that this court should exercise that jurisdiction in the face of the considerations of comity, efficiency, and equity that recommend dismissal. Accordingly, IT IS ORDERED that this matter should be and hereby is DISMISSED without prejudice.

New Orleans, Louisiana this the 20th day of October, 2005.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

[4] Rec. Doc. 8.